UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DANNIE LEE LAFLEUR, JR. # 600564** | **CASE NO.  6:23-CV-01458 SEC P** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **LINDA B. DUPRE** | **MAGISTRATE JUDGE AYO** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Dannie Lee Lafleur, Jr. an inmate in the custody of Louisiana's Department of Corrections, filed an original petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on October 10, 2023 (Rec. Doc. 1), and an amended petition, on proper forms, on January 19, 2024 (Rec. Doc. 11).  Lafleur attacks his 2011 conviction on one count of first degree murder and one count of armed robbery, and the life sentence imposed thereon by the Thirteenth Judicial District Court, Evangeline Parish, Louisiana.  For the following reasons it is recommended that the petition be deemed second and successive and be **DISMISSED WITHOUT PREJUDICE** to his right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive Section 2254 petition**.**

I.   BACKGROUND

Lafleur brings this petition to attack his conviction in the 13th Judicial District Court, Evangeline Parish, Louisiana, on one count of first degree murder and one count of armed robbery and the life sentence imposed thereon. (Rec. Doc. 11, p. 1).  He asserts the following claims: (1) double jeopardy, (2) LA. CODE CRIM. PROC. ANN. art. 924.1 and ineffective assistance of counsel; (3) non-unanimous jury verdict; and (4) violations of the Fifth and Sixth Amendments.  *Id*.

The petition presently before this Court is Lafleur's THIRD petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 filed in this Court challenging the same conviction and sentence. *See Lafleur v. Cain,* No. 6:15-cv-1978 (W.D. La. Jan. 7, 2016); *Lafleur v. Warden*, No. 6:22-cv-0570 (W.D. La. June 13, 2022).

## II.   LAW AND ANALYSIS

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a *habeas corpus* petition to be summarily dismissed when it appears the petitioner is not entitled to relief. The Fifth Circuit recognized a district court's authority under Rule 4 to examine and dismiss frivolous *habeas* petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (noting the court's duty to screen out frivolous *habeas* applications eliminating respondent's burden to file an unnecessary answer). From the face of the instant petition and court records, it is apparent that this is a second or successive petition. *See* 28 U.S.C. § 2244(b)(2) (requiring dismissal of a second or successive petition filed by a state prisoner pursuant to 28 U.S.C. § 2254)).

A claim presented in a second or successive application that was not presented in a prior application must be dismissed unless: (1) the applicant shows the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or (2) the factual predicate for the claim could not have been discovery previously through the exercise of due diligence, and but for the constitutional error, no reasonable fact finder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2). Further, before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). The record does not show in this case that Lafleur has received such authorization. Until such time as he obtains said authorization, this Court is

without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The law is clear that this Court cannot entertain the merits of this petition without authorization from the Fifth Circuit as mandated by 28 U.S.C. § 2244(b)(3)(A). The record fails to show that Lafleur has received such authorization from the Fifth Circuit. Therefore, the undersigned finds that this petition should be dismissed.[1]

### III. CONCLUSION

Therefore,

**IT IS RECOMMENDED** that the instant petition be **DISMISSED WITHOUT PREJUDICE** to his right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive § 2254 petition.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days

---

[1] Although some district courts have transferred second or successive petitions to the Fifth Circuit for authorization, a transfer is not mandatory. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred); *See also United States v. Fulton,* 780 F.3d 683, 686 (5th Cir. 2015) (citing *In re Coleman,* 768 F.3d 367, 371 (5th Cir. 2014) (per curiam)). To the contrary, a district court may dispose of a petition lacking authorization through dismissal. *Fulton*, 780 F.3d at 686 (citing *United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000)). Under the facts and circumstances of this case, the undersigned concludes that the appropriate action for this Court to take is to dismiss this action due to Lafleur's failure to obtain proper authorization from the Fifth Circuit. This is particularly the case given that this petition appears to be untimely and barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d).

following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

    **THUS DONE AND SIGNED** in chambers this 21st day of March, 2025.

_____
David J. Ayo
United States Magistrate Judge